# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-11-RJC-DCK

| | |
|---|---|
| ANGELIQUE LANDRY, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )  **ORDER** |
| STATE OF NORTH CAROLINA, | )<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** comes before the Court on its own motion pursuant to its independent obligation to determine whether subject-matter jurisdiction exists. See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).

**I.  BACKGROUND**

State prosecutors brought charges against Landry in Mecklenburg County District Court. (Case No. 3:10-cv-669, Doc. No. 8 at 2). Landry removed her case to federal court rather than defend against these allegations in state court. (Doc. No. 1). This Court previously remanded Plaintiff's case under Case Number 3:10-cv-669. (Case No. 3:10-cv-669, Doc. No. 13). North Carolina has not answered Plaintiff's complaint under this case number. The Court issued a lack of prosecution notice on October 3, 2011.

**III.  ANALYSIS**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp., 130 S. Ct. at 1193. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Here, the Court lack jurisdiction and remands to Mecklenburg

County Superior Court.

A federal officer or agency may remove a "criminal prosecution commenced in a State court . . . [based on] an act done under color of his office." 28 U.S.C. § 1442. Also, anyone may remove a state criminal prosecution if they are "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal right, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.

This is a criminal action. Therefore, this Court's jurisdiction may only be based on 28 U.S.C. §§ 1442 or 1443, which allow for the removal of state criminal prosecutions in certain narrow circumstances. But because Landry is not a federal officer and does not allege that she assisted any federal officer in the performance of his or her official duties, see (Doc. No. 1), her removal of this state criminal prosecution must comply with 28 U.S.C. § 1443(1). See 28 U.S.C. § 1442 (granting removal right to federal officers, agencies, or recipients of lands from federal officers); City of Greenwood v. Peacock, 384 U.S. 808, 814-15 (1966) (holding that 28 U.S.C. § 1443(2) is available only to federal officers and to persons assisting such officers in the performance of their official duties).

"To remove a case from a state court under 28 U.S.C. § 1443(1), a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that 'it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" Noel v. McCain, 538 F.2d 633, 635 (4th Cir. 1976) (quoting Greenwood, 384 U.S. at 828); see also Georgia v. Rachel, 384 U.S. 780, 788

2

(1966). Landry does not claim that she has been "deprived of rights guaranteed by federal laws protecting against racial discrimination." (Doc. No. 1); see also McCain, 538 F.2d at 635. Landry cannot remove her case to this Court under 28 U.S.C. § 1443(1), or any other statutory authority. See 28 U.S.C. §§ 1331, 1332 (both referring to "civil actions").

## IV. CONCLUSION

This Court lacks subject matter jurisdiction and this case must be remanded.

**IT IS, THEREFORE, ORDERED** that:

1. Landry's Notice of Petition and Petition for Warrant of Removal, (Doc. No. 1), is **REMANDED**.

Signed: December 5, 2011

Robert J. Conrad, Jr.
Chief United States District Judge